UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH A. BECKWITH,

          Plaintiff,

    v.

BANK OF AMERICA,

          Defendant.

CASE NO. C10-5220BHS

NOTICE

This matter comes before the Court on Defendant Bank of America's ("BofA") unopposed motion to dismiss pursuant to Rule 12(b)(5), (6). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby notifies Plaintiff Kenneth A. Beckwith ("Beckwith") of the requirements for responding, and the potential consequences of not responding to BofA's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out a challenge made by Beckwith regarding his loan agreement with BofA. *See, e.g.,* Dkt. 1 (Complaint) ¶¶ 42, 44. Beckwith is proceeding *pro se* in this matter. On May 6, 2010, BofA filed a motion to dismiss Beckwith's claims pursuant to Fed. R. Civ. P. 12(b)(5), (6). Dkt. 10. Beckwith did not respond. The Court now puts Beckwith on notice that he must respond or will likely face dismissal without prejudice.

ORDER - 1

## II. DISCUSSION

**A.    Motion to Dismiss Under 12(b)(6)**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Beckwith must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.    Notice**

Rule 12 informs a plaintiff of what they must do in order to oppose a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law – that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support his/her case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. When, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what his or her complaint states. Instead, where a Plaintiff's complaint is factually deficient, a plaintiff must set out specific facts in

declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory. If Beckwith does not adequately respond to BofA's motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and there will be no trial.

If Beckwith chooses to respond to the motion, he will also have to adequately address BofA's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (service of process).

### III. NOTICE

Therefore, Beckwith is put on notice that he must file a response no later than July 15, 2010; otherwise, dismissal may occur as discussed herein.

DATED this 1st day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3