UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH A. BECKWITH,

        Plaintiff,

   v.

BANK OF AMERICA,

        Defendant.

CASE NO. C10-5220BHS

ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS

This matter comes before the Court on Defendant Bank of America's ("BofA") motion to dismiss pursuant to Rules 12(b)(5) and (6) (Dkt. 10) and Plaintiff Kenneth A. Beckwith's ("Beckwith") motion for extension of time to exhaust administrative remedies (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants BofA's motion to dismiss (Dkt. 10) and denies Beckwith's motion for extension of time (Dkt. 12) for the reasons discussed herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a challenge made by Beckwith regarding his loan agreement with BofA. *See, e.g.,* Dkt. 1 (Complaint) ¶¶ 42, 44. Beckwith is proceeding *pro*

ORDER - 1

*se* in this matter. On May 6, 2010, BofA filed a motion to dismiss Beckwith's claims pursuant to Fed. R. Civ. P. 12(b)(5), (6). Dkt. 10. Initially, Beckwith did not respond. The Court put Beckwith on notice that he must respond or will likely face dismissal without prejudice. Dkt. 13.

On July 15, 2010, Beckwith filed his response pursuant to the notice given. Dkt. 14. This response contained several documents with the word "amended" included in the title. *See, e.g, id*, Attachment 1 (e.g., *amended* petition, complaint) (emphasis added). On July 19, 2010, BofA replied. Dkt. 15.

## II. DISCUSSION

**A.    Motion to Dismiss Under 12(b)(5)**

BofA is no longer pursuing its claim of insufficient service. *See* Dkt. 15 at 4 (acknowledging that Beckwith cured the previously insufficient service). Therefore, this issue is no longer before the Court.

**B.    BofA's Motion to Dismiss Under 12(b)(6)**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. As the Court informed Beckwith in its notice (Dkt. 13),

ORDER - 2

he must allege "enough facts to state a claim to relief that is plausible on its face." *See id.* at 1974.

BofA first argues that Beckwith's response was not timely served upon BofA and should, therefore, be disregarded. Dkt. 15 at 2. The Court declines to disregard Beckwith's pro se materials based on BofA's untimeliness argument.

BofA next argues that Beckwith's amended complaint does not cure the deficiencies noted previously by the court. *Id*. The Court agrees. It appears from the Court's review of Beckwith's complaint (petition for declaratory judgment and injunctive relief, Dkt. 14, Attachmetn 1) that he simply added the word "amended" but made no material changes, if any.

In opposition, Beckwith relies on a document entitled "Nice Offer and Demands." Dkt. 14, Attachment 3. He argues that BofA's failure to respond to this document constitutes their admission to his allegations. *See* Dkt. 14 at 2. It does not. This document provides no assistance to Beckwith in surviving the instant motion to dismiss. The complaint remains deficient as previously discussed in the Court's notice to Beckwith (Dkt. 13). Therefore, the Court grants BofA's motion to dismiss.

**C.     Beckwith's Motion to Extend**

On June 30, 2010, Beckwith moved the Court to extend deadlines in order for him to exhaust administrative remedies. Dkt. 12. This motion presumes that the instant motion to dismiss would be denied. Because the Court grants the instant motion to dismiss, Beckwith's motion for extension is denied as moot.

ORDER - 3

### III. ORDER

Therefore, it is hereby **ORDERED** that Beckwith's case is **DISMISSED** without prejudice under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Beckwith's motion for extension of time is **DENIED** as moot.

DATED this 9th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge